**Jerome GOLDEN, Appellant**

**v.**

**Superintendent COLEMAN; Kitchen Supervisor John Doe # 4; Correctional Officer John Doe# 1; Correctional Officer John Doe# 2; Secretary Of Corrections, Jeffrey A. Beard, P.H.D.; Shirley Moore Smeal.**

**No. 10–4171.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 28, 2011.

Opinion filed: April 19, 2011.

Jerome Golden, Somerset, PA, pro se.

Atty. Gen. PA, Office of Attorney General of Pennsylvania, Harrisburg, PA, for Superintendent Coleman; Kitchen Supervisor John Doe # 4; Correctional Officer John Doe# 1; Correctional Officer John Doe# 2; Secretary Of Corrections, Jeffrey A. Beard, P.H.D.; Shirley Moore Smeal.

Before: McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Jerome Golden, a prisoner incarcerated at the State Correctional Institution in Somerset, Pennsylvania, appeals the District Court's dismissal of his complaint. For the following reasons, we will dismiss Golden's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Golden's complaint, brought pursuant to 42 U.S.C. § 1983, alleges that various prison employees at the State Correctional Institution in Fayette, Pennsylvania, where he was formerly incarcerated, violated his constitutional rights by planting "Government Micro Eye Cameras" in his food and broadcasting images obtained from those cameras on prison television. Golden believes that, once ingested, the cameras "attach[ ] to the visual cortex and then can be seen by someone on a computer," thus providing the defendants with a means of keeping tabs on him. The District Court dismissed Golden's complaint, pursuant to 28 U.S.C. § 1915A, finding that Golden's "fantastic" and "delusional" allegations lacked a basis in fact.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Golden has been granted in forma pauperis status, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Contrary to Federal Rule of Civil Procedure 12(b)(6), § 1915(e)(2)(B)—formerly § 1915(d)—provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."

*Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

Having reviewed Golden's complaint, we conclude that his allegations are fantastic, delusional, and simply unbelievable. *Id.* at 32–33, 112 S.Ct. 1728 (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, 'fantastic,' and 'delusional[.]' ") (citations omitted). Accordingly, we will dismiss Golden's appeal. Golden's motion for appointment of counsel is denied. *See Tabron v. Grace,* 6 F.3d 147, 155–56 (3d Cir.1993).